Argued and submitted October 6, 1995, judgment affirmed; remanded for award of attorney fees May 1, 1996

Clara GISH,
*Appellant,*

*v.*

LAWLESS ROOFING
and Larry Kessler,
*Respondents.*

(93-0645-C; CA A87166)

915 P2d 487

Daniel L. Harris argued the cause for appellant. With him on the brief was Davis, Gilstrap, Harris, Hearn & Welty.

Mark D. Clarke argued the cause for respondents. With him on the brief were Wm. E. Schireman and Frohnmayer, Deatherage, Pratt, Jamieson & Clarke, P.C.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

ARMSTRONG, J.

## ARMSTRONG, J.

Plaintiff appeals from the circuit court's judgment that awarded her $4,000 on her claim against defendants but denied her attorney fees. We remand for an award of fees.

Plaintiff and defendant Kessler were involved in a car accident. Kessler was employed by defendant Lawless Roofing and was acting for his employer at the time of the accident. Subsequently, on September 1, 1993, plaintiff made a written demand on defendants' insurance company to pay the damages that she had sustained in the accident, which she alleged to be $4,000. The letter stated that if payment was not made within 10 days, plaintiff would commence a lawsuit "in which [plaintiff] will demand the sum of $4,000 plus attorney fees pursuant to ORS 20.080."

Defendants made a counteroffer to pay plaintiff $4,000, but stipulated that the payment would cover the amount due on a lien held by plaintiff's insurance company for $1,383.85 for a personal injury payment (PIP) that that company had made to plaintiff. On September 10, plaintiff replied that her insurance company intended to pursue payment of the PIP amount independently and that she was seeking $4,000 for her own damages. Plaintiff stated that suit would be filed on or before September 15 to seek payment of her claim only.

Defendants refused plaintiff's final offer, and plaintiff filed a complaint seeking $4,000 in damages and attorney fees pursuant to ORS 20.080. The case proceeded to arbitration, and the arbitrator awarded plaintiff the entire $4,000 she had sought, together with an award of attorney fees pursuant to ORS 20.080.[1]

---

[1] ORS 20.080 provides:

"(1) In any action for damages for an injury or wrong to the person or property, or both, of another where the amount pleaded is $4,000 or less, and the plaintiff prevails in the action, there shall be taxed and allowed to the plaintiff, at trial and on appeal, a reasonable amount to be fixed by the court as attorney fees for the prosecution of the action, if the court finds that written demand for the payment of such claim was made on the defendant not less than 10 days before the commencement of the action or the filing of a formal complaint under ORS 46.458, or not more than 10 days after the transfer of the action

Defendants filed a challenge to the arbitrator's award of attorney fees. Defendants argued that, because plaintiff's demand for $4,000 did not include the PIP amount, her true demand was for $5,383.85, which was more than the amount allowed under ORS 20.080. The trial court agreed with defendants and found, therefore, that plaintiff's written demand did not "fulfill the requirement for a written demand for payment of the claim set forth in ORS 20.080." We disagree.

ORS 20.080 requires a trial court to award a prevailing plaintiff her reasonable attorney fees on certain kinds of claims if the amount pleaded was $4,000 or less and the plaintiff previously had made a *"written demand for the payment of such claim."* (Emphasis supplied.) Plaintiff pleaded $4,000 in damages on a claim covered by ORS 20.080. The arbitrator awarded plaintiff $4,000. The fact that defendants wanted plaintiff to account to her insurance company for the PIP lien in no way affects plaintiff's claim itself. Plaintiff never sought to recover the PIP amount on behalf of her insurer. On the contrary, she made it clear to defendant that her insurer would pursue that claim independently. Plaintiff's written demand to defendant and her subsequent claim sought exactly the same recovery. The $4,000 amount that plaintiff sought is the amount that she recovered, and that amount is within the limit set by ORS 20.080 for recovery of attorney fees by a plaintiff. The trial court erred in denying plaintiff's claim for attorney fees.

Judgment affirmed; remanded for entry of an award of attorney fees.

---

under ORS 46.461. However, no attorney fees shall be allowed to the plaintiff if the court finds that the defendant tendered to the plaintiff, prior to the commencement of the action or the filing of a formal complaint under ORS 46.458, or not more than 10 days after the transfer of the action under ORS 46.461, an amount not less than the damages awarded to the plaintiff."